IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GREGORY WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 09-CV-0363-LSC-JEO |
| | ) |
| NEICKO WHITE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 19, 2010, recommending that the defendants' motion for summary judgment be granted and this excessive force claim be dismissed with prejudice. Plaintiff filed objections on May 28, 2010, arguing that (1) the force used by Defendant White "was carried out maliciously or sadistically for the purpose of causing harm," (2) that Plaintiff's contention that he did not provoke Defendant White constitutes a question of material fact which precludes summary judgment, and (3) disputing the magistrate's finding that "only 'a push' occurred resulting in no visible physical injuries and was justified." (Doc. 21).

The court notes that Plaintiff provides no evidence to corroborate his contention that the use of force was malicious and without justification.[1] On the other hand, Defendant provides sworn testimony in support of his contention that the use of force was justified, and medical records to show that Plaintiff showed no visible injuries following the altercation. And though Plaintiff claims that medical records for the months following the altercation would show that he suffered injuries consisting of pain to his chest and rib area,

---

[1] Though Plaintiff provides a sworn affidavit by inmate Frederick Sherill attesting to the use of force, this testimony does not speak to the issue of whether use of force in this instance was without provocation or justification. (Doc. 13, p. 8).

lower back area, head, neck and legs, even assuming -- but not finding -- that Plaintiff could prove he sustained injuries as a result of the altercation with Defendant White, a finding of injury alone is not sufficient to overcome summary judgment on an excessive force case under *Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 998 (1992)(citation omitted).

Because Plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that [the trier of fact] could reasonably find for that party. *Anderson v. Libby Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

Done this 29th day of June 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671